UNITED STATES of America,
Plaintiff—Appellee,

v.

Reynaldo VEGA, Defendant—
Appellant.

No. 02–10068.
D.C. No. CR–01–00451–SMM–03.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 2003.

Decided Jan. 30, 2003.

Before SCHROEDER, Chief Judge,
GOODWIN and CLIFTON, Circuit
Judges.

## MEMORANDUM *

Reynaldo Vega appeals his conviction and sentence for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841 and 846. Vega contends that the waiver of his *Miranda* rights was not valid because he was not informed of the nature of the charges against him. The district court found that while it was not entirely clear whether the officer actually told Vega he was arrested on marijuana charges, the defendant's criminal history made the nature of the offense apparent. We affirm.

The inquiry into the voluntariness of a confession is the same as the inquiry into the voluntariness of a waiver of *Miranda* rights. *See Derrick v. Peterson*, 924 F.2d

813, 820 (9th Cir.1990). We look to the totality of the circumstances to determine whether the statements were "the product of free and deliberate choice rather than coercion or improper inducement." *United States v. Doe*, 155 F.3d 1070, 1074 (9th Cir.1998) (en banc). The record shows there was no coercion or inducement.

Additionally, three of the five statutory factors set out in 18 U.S.C. § 3501(b) weigh in favor of finding the statements voluntary. Vega was interviewed within hours of his arrest. *See United States v. Andaverde*, 64 F.3d 1305, 1311 (9th Cir. 1995). Vega was also read his rights and indicated that he understood them. *See United States v. Gamez*, 301 F.3d 1138, 1144 (9th Cir.2002). All five statutory factors need not be met to find the statements were voluntarily made. *See Andaverde*, 64 F.3d at 1313.

Vega's waiver of his *Miranda* rights was also knowing and intelligent. Vega was asked if he understood his rights and appeared to understand what he was being asked. *See United States v. Bautista–Avila*, 6 F.3d 1360, 1366 (9th Cir.1993). That Vega was not informed of the nature of the charges against him does not affect his decision to waive his Fifth Amendment rights "in a constitutionally significant" manner. *Grooms v. Keeney*, 826 F.2d 883, 886 (9th Cir.1987) (quoting *Colorado v. Spring*, 479 U.S. 564, 577, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987)).

With respect to sentencing, the record clearly shows that the district court did not base its decision to deny Vega an adjustment at sentencing pursuant to USSG § 3E1.1 on a misunderstanding of the law. Instead, the record indicates that the district court did not adjust Vega's sentence because it found that he did not

adequately demonstrate acceptance of responsibility.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.